# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ILEANA DIAZ,

    Plaintiff,

v.                                      Case No.: 8:16-cv-2283-VCM-TBM

EXETER FINANCE CORP.,
a foreign corporation,

    Defendant.
_____/

## AMENDED COMPLAINT[1]

**COMES NOW**, Plaintiff, ILEANA DIAZ (hereinafter "Plaintiff"), by and through her undersigned counsel, and hereby sues Defendant, EXETER FINANCE CORP. (hereinafter "Defendant"), and alleges the following in support thereof:

1. This is an action for damages and injunctive relief brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## PARTIES, JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1337. *See, Mims v. Arrow Fin. Servs. LLC,* 132 S.Ct. 740 (U.S. 2012). This Court has supplemental jurisdiction over the FCCPA claims pursuant to 28 U.S.C. § 1367.

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(2), this Amended Complaint is filed with the written consent of the opposing party.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this State and District and as a substantial part of the acts and/or omissions giving rise to this action occurred in this State and this District.

4. Defendant is a foreign profit corporation existing under the laws of the state of Texas, that, itself and through its subsidiaries, regularly extends credit to consumers throughout the country, and more specifically, throughout the state of Florida.

5. At all material times hereto, Plaintiff is an individual residing in Florida.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "creditor" as defined by Section 559.55(3), Florida Statutes.

7. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Section 559.55(2), Florida Statutes.

8. At all material times herein, Defendant attempted to collect a debt from Plaintiff, specifically, amounts allegedly owed by Plaintiff related to the financing of an automobile for personal, household and/or family use (hereinafter, "Debt" or "Alleged Debt").

9. At all material times herein, the Defendant is a "person" subject to Section 559.72, Florida Statutes. *See,* Fla. Stat. § 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

10. At all material times herein, the Alleged Debt is a "consumer debt" as defined by Section 559.55(6), Florida Statutes.

11. At all material times herein, Defendant's conduct with regard to the Alleged Debt qualifies as "communication" as defined by Section 559.55(5), Florida Statutes.

12. At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or have been waived.

## FACTUAL ALLEGATIONS

14. Plaintiff is the owner, regular user and possessor of cellular telephone number (305) 773 – 8342.

15. Defendant's telephone calls, as alleged more specifically below, were all made to Plaintiff's cellular telephone number (305) 773 – 8342 using an automatic telephone dialing system, a predictive telephone dialing system, and/or an artificial or pre-recorded voice.

16. All of the telephone calls at issue were placed by Defendant through equipment which has the capacity to dial telephone numbers without human intervention. Such equipment falls within the purview of, and is subject to, the TCPA. *See, In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Red. 7961, 2015 WL 4387780, at *8 (July 15, 2015).

17. Defendant's telephone calls, as alleged more specifically below, were all made in an attempt to collect the Alleged Debt from Plaintiff.

18. In or around October of 2012, Defendant began placing telephone calls through the use of the equipment described above to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt.

19. Defendant continued to place telephone calls through the use of the equipment described above to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt through June of 2016.

20. From October of 2012 through June of 2016, Defendant placed over 1,000 telephone calls through the use of the equipment described above to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt through June of 2016

21. Shortly after the aforementioned telephone calls began, Plaintiff informed Defendant that she no longer desired to receive telephone calls from Defendant on her cellular telephone.

22. During the period of time that the aforementioned telephone calls were occurring, Plaintiff informed Defendant on multiple occasions that she no longer desired to receive telephone calls from Defendant on her cellular telephone.

23. Plaintiff informed Defendant that she no longer desired to receive telephone calls from Defendant on her cellular telephone on multiple occasions including, but not limited to, in November of 2012, October of 2013, December of 2013, January of 2014, February of 2014, March of 2014, November of 2014, January of 2016 and February of 2016.

24. Notwithstanding Plaintiff's instructions to the contrary, Defendant continued to place telephone calls to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt. Said telephone calls were made through the use of the telephone equipment described above and were made after Plaintiff expressed to Defendant her desire not to receive telephone calls from Defendant.

25. By clearly expressing her desire not to receive further telephone calls from Defendant, Plaintiff expressly revoked any consent Defendant may have had to place telephone calls to Plaintiff's cellular telephone through the use of the telephone equipment described

above. *See, In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2015 WL 4387780, at ¶ 63 (F.C.C. July 10, 2015).

26. During the period of time that the aforementioned telephone calls were occurring, Plaintiff repeatedly informed Defendant on numerous occasions of the reasons for non-payment as well as when she would be able to make payment.

27. Notwithstanding Plaintiff's instructions and explanations, Defendant continued to place collection calls to Plaintiff. The pattern and frequency of Defendant's collection calls can reasonably be expected to abuse or harass Plaintiff.

28. During the time period beginning August 8, 2014 and ending June 15, 2016, Defendant placed telephone calls to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt seven (7) times in a single day on multiple different days, including on back-to-back days.

29. Defendant placed repeated telephone calls to Plaintiff's cellular telephone in an attempt to collect the Alleged Debt after all reasonable efforts at negotiation and persuasion had failed.

### COUNT I – VIOLATIONS OF 47 U.S.C. 227(b)(1)(A)(iii)

30. Plaintiff re-asserts and re-alleges paragraphs 1 through 29 as if fully restated herein.

31. Defendant is subject to, and has violated the provisions of, 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to Plaintiff's cellular telephone through the use of telephone equipment that falls within the purview of, and is subject to, the TCPA without Plaintiff's prior express consent.

32. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were knowing or willful, in that at all times material herein Defendant knew it was calling Plaintiff's cellular telephone

for non-emergency purposes through the use of telephone equipment that falls within the purview of, and is subject to, the TCPA without Plaintiff's prior express consent.

33. As a direct and proximate result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff has suffered the periodic loss of her cellular telephone service, stress, frustration, inconvenience, the expenditure of attorney's fees and costs associated with the prosecution of this matter, fear, anxiety, loss of sleep and deterioration of relationships both professional and personal.

34. In light of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to injunctive relief and statutory or actual damages pursuant to 47 U.S.C. § 227(b)(3).

## **COUNT II – VIOLATION OF FLA. STAT. § 559.72(7)**

35. Plaintiff re-asserts and re-alleges paragraphs 1 through 29 as if fully restated herein.

36. As more fully detailed above, Defendant willfully communicated with Plaintiff on numerous occasions in an attempt to collect the Alleged Debt after all reasonable efforts at negotiation and persuasion had failed.

37. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff in an attempt to collect the alleged Debt.

38. Defendant is subject to, and has violated the provisions of, Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass Plaintiff in connection with Defendant's attempts to collect the alleged Debt.

39. As a direct and proximate result of Defendant's violation of Fla. Stat. § 559.72(7), Plaintiff has suffered the periodic loss of her cellular telephone service, the expenditure of attorney's fees and costs associated with the prosecution of this matter, stress, anxiety,

fear, frustration, inconvenience, loss of sleep and deterioration of relationships both professional and personal.

40. In light of Defendant's violation of Fla. Stat. § 559.72(7), Plaintiff is entitled to actual damages, statutory damages, injunctive relief, attorney's fees and costs of litigation pursuant to Fla. Stat. § 559.77.

41. As the continuous and consistent nature of Defendant's violation of Fla. Stat. § 559.72(7) evidences Defendant's intentional misconduct or gross negligence, Plaintiff is entitled to an award of punitive damages pursuant to Fla. Stat. § 768.72. *See, Goodin v. Bank of Am., N.A.*, 114 F. Supp. 3d 1197, 1214 (M.D. Fla. 2015).

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests judgment against Defendant and in favor of Plaintiff:

a. Enjoining further TCPA violations through the placement of telephone calls to Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Awarding actual monetary loss from violations of the TCPA, or $500 in damages for each such violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Awarding treble damages for willful or knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

d. Awarding maximum statutory damages for violations of the FCCPA pursuant to Fla. Stat. § 559.77(2);

e. Awarding actual damages sustained as a result of FCCPA violations pursuant to Fla. Stat. § 559.77(2);

 f. Enjoining further FCCPA violations against Plaintiff pursuant to Fla. Stat. § 559.77(2);

 g. Awarding reasonable attorney's fees and court costs incurred by Plaintiff pursuant to Fla. Stat. § 559.77(2);

 h. Awarding punitive damages for FCCPA violations pursuant to Fla. Stat. § 768.72; and

 i. Awarding any and all other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted by:

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**RASLAVICH LAW, P.A.**
3225 S. MacDill, Ave., Ste. 129-272
Tampa, Florida 33629
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@raslavichlaw.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2016 a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system.

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
